DISABILITY RIGHTS NORTH CAROLINA,

    Plaintiff

v.

MCDOWELL COUNTY SCHOOLS BOARD OF EDUCATION, and GLENDA STARR, in her official capacity as Exceptional Children Director,

    Defendants.

COMPLAINT

## INTRODUCTION

1. Plaintiff, Disability Rights North Carolina ("DRNC"), brings this action for declaratory and injunctive relief pursuant to the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 *et seq.*, the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e, and 42 U.S.C. § 1983. By this action, DRNC challenges the refusal of the defendants, McDowell County Schools Board of Education ("MCS BOE") and the Exceptional Children Director, Glenda Starr ("Ms. Starr"), to provide DRNC access to monitor in its schools.

2. DRNC is the duly-designated state Protection and Advocacy System ("P&A") for individuals with disabilities. 42 U.S.C. § 15043(a)(1)-(2). DRNC is entrusted, empowered and obligated to protect the civil rights of individuals with disabilities in the state of North Carolina. 29 U.S.C. § 794e(a)(1); 42 U.S.C. § 15041.

3. As the state P&A, DRNC has the responsibility and authority to access service providers, including public schools, in order to monitor for compliance with respect to the rights and safety of individuals with disabilities. 29 U.S.C. § 794e(f)(2); 42 U.S.C. § 15043(H).

4. Defendants' refusal to permit DRNC access to its schools prevents DRNC from fulfilling its statutory mandates of monitoring and providing protection and advocacy services for individuals with disabilities. By this action, DRNC seeks an order from this Court requiring Defendants to provide DRNC immediate access to its schools so that DRNC may discharge its statutory duties and protect the rights of individuals with disabilities.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the United States Constitution and Acts of Congress. Plaintiff's federal claim is made pursuant to the DD Act, 42 U.S.C. §§ 15001 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as all of the events and omissions giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff DRNC, the P&A designated by the Governor of the State of North Carolina to provide protection and advocacy services to individuals with disabilities, is a "person" authorized to seek legal and equitable relief against organizations that deprive it of federally protected rights. DRNC, a non-profit corporation independent of state government, is

incorporated in North Carolina and maintains its principal place of business in Raleigh, North Carolina.

8. DRNC receives federal funds pursuant to the DD Act and the PAIR Act and is thereby obligated to provide protection and advocacy services for individuals with disabilities. Under the DD and PAIR Acts, DRNC is also authorized to monitor services provided to individuals with disabilities and to pursue administrative, legal and other remedies on behalf of such individuals. In order to carry out its monitoring functions, DRNC is granted the authority to have access to individuals with disabilities in the locations where they receive services. 42 U.S.C. § 15043(H); 45 C.F.R. § 1326.27(c).

9. Defendant McDowell County Schools Board of Education is established pursuant to N.C. Gen. Stat. § 115C-35. It has the capacity to sue and be sued pursuant to N.C. Gen. Stat. § 115C-40. Defendant is a governmental agency to whom the State has delegated its duties to educate its students. As a public school board, Defendant is considered a municipality under North Carolina law.

10. Defendant Glenda Starr, employed by MCS BOE, is the Exceptional Children Director for McDowell County Schools. As Exceptional Children Director, Ms. Starr is responsible for the delivery of special education services to eligible students enrolled in the school system and the general oversight of special education operations. Ms. Starr is being sued in her official capacity as Exceptional Children Director.

11. Defendants were, at all times relevant to this Complaint, acting under color of State law.

## FACTUAL ALLEGATIONS

12. Defendant MCS BOE operates the McDowell County Schools ("school system"). Among the many facilities maintained by the school system is Old Fort Elementary School, located at

128 Mauney Avenue in Old Fort, NC. Old Fort Elementary is a "service provider" as defined in the DD and PAIR Acts. 29 U.S.C. § 7943(f)(2); 42 U.S.C. § 15043(a)(2)(A)(i).

13. As part of a monitoring project, DRNC initiated monitoring activities at Old Fort Elementary on June 7, 2018. DRNC sought immediate access to OFES upon oral request (upon arrival at the school) and upon written request (hand-delivered with the oral request).

14. Defendants denied DRNC access to Old Fort Elementary. Defendants requested time to further research DRNC's authority to access and monitor its schools.

15. In an email dated Friday, June 15, 2018, DRNC provided additional information to Defendants regarding its statutory authority to access and monitor service providers, including public schools.

16. On June 27, 2018, DRNC renewed its request for immediate access to McDowell County Schools and requested such access, or a written statement of the reason(s) for the denial, no later than July 5, 2018.

17. On July 6, 2018, Defendants provided additional information, in writing, regarding the basis for denying access to DRNC on June 7. The written response indicated, though it did not explicitly state, that Defendants properly denied DRNC access and would continue to deny DRNC access to McDowell County Schools.

18. On July 6, DRNC requested an explicit statement regarding Defendants' position, to be provided no later than July 12, 2018.

19. As of the date of this complaint, DRNC has not received a response to its July 6 request, and Defendants' June 7 decision denying access to its schools remains in effect.

20. The actions of the Defendants, by refusing to provide to DRNC the requested access to its schools, have substantially interfered with DRNC's ability to monitor and provide protection and advocacy services in McDowell County Schools.

CAUSE OF ACTION

21. The DD Act grants DRNC the authority to access "a location in which services, supports and other assistance are provided to such an individual [with developmental disabilities], in order to carry out the purpose" of the DD Act. 42 U.S.C. § 15043(a)(2)(H). The purposes of the Act include pursuit of "legal, administrative, and other appropriate remedies" to protect the rights of individuals with developmental disabilities, and to investigate incidents of abuse and neglects of such individuals. 42 U.S.C. § 15043(a)(2)(A). The PAIR Act incorporates the access provisions of the DD Act and thus endows DRNC with identical authority access individuals with disabilities and the locations in which they receive services. 29 U.S.C. § 794e(f)(2).

22. As part of its authority, DRNC is entitles to "reasonable unaccompanied access to service providers for routine circumstances." 45 C.F.R. § 1326.27(c). "This access is for the purpose of providing information training and referral for programs addressing the needs of individuals with developmental disabilities…[and] monitoring compliance with respect to the rights and safety of individuals with developmental disabilities." § 1326.27(c)(2)(i)-(ii).

23. McDowell County Schools is a service provider, as it provides educational services to students with developmental and/or other disabilities.

24. DRNC seeks access to McDowell County Schools for routine circumstances, including monitoring compliance with respect to the rights and safety of individuals with disabilities. DRNC is entitled to access the schools immediately upon written or oral request.

25. By refusing DRNC's written and oral request for access to its schools, Defendants have deprived DRNC of its statutory rights under the PAIR Act, 29 U.S.C. § 794e *et seq.*, the DD Act, 42 U.S.C. §§ 15041 *et seq.*, and the regulations implementing the Acts.

26. Defendants' violation of the DD and PAIR Acts irreparably harms DRNC by preventing it from carrying out its responsibilities under the Acts.

27. Unless Defendants are enjoined to provide DRNC the access required by the DD and PAIR Acts, DRNC will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities as required by the Acts.

## INJUNCTIVE RELIEF

28. Plaintiff adopts and restates the allegations set forth in paragraphs 1-27 of this complaint.

29. As a proximate result of Defendant's violation of the DD and PAIR Acts, DRNC has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendants' refusal to provide the requested records violates the DD and PAIR Acts;

2. Enter permanent injunctive relief requiring the Defendants to provide Disability Rights NC with immediate access to its schools upon oral or written request by DRNC;

3. Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the DD and PAIR Acts;

4. Award DRNC attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

5. Award such other, further or different relief as the Court deems equitable and just.

This 12th day of July, 2018.                    Respectfully submitted,

        /s/ Kristine L. Sullivan
        Kristine L. Sullivan, N.C. State Bar No. 35595
        kristine.sullivan@disabilityrightsnc.org
        *Attorney for Plaintiff*
        DISABILITY RIGHTS NC
        3724 National Drive, Suite 100
        Raleigh, NC 27612
        Phone: (919) 856-2195
        Fax: (919) 856-2244